UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:09CV124-J

RANDY G. LUTTERMAN                                                                     PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                        DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Randy Lutterman ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On January 20, 2006, Claimant filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that claimant's mild degenerative disc disease, psoriasis with arthritis, and mood disorder were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that he retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied review on July 15, 2009.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to give the appropriate weight to the opinion of his treating physician. In a residual functional capacity assessment dated February 7, 2007, Dr. Gilson opined that Mr. Lutterman could sit for less than two hours in a work day and could stand or walk not at all; he also limited Mr. Lutterman's use of his hands to less than ten pounds occasionally, and noted restrictions in the ability to grasp, push and pull and perform fine manipulation. Tr. 314. In a transcript of a February 29, 2008 telephone conference with Mr. Lutterman's attorney, Dr. Williams opined that his patient could only rarely perform handling and fingering. Tr. 468.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to

the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

The ALJ noted that Dr. Williams had seen the patient only once prior to his telephone deposition, such that the longitudinal history rationale regarding "treating physicians" was not present. Furthermore, he gave an opinion regarding the effect of Heberden's nodes in advanced stages, although plaintiff's are at an earlier stage, and his opinion regarding how long Mr. Lutterman could sit at one time conflicts with the plaintiff's own report of his activities. The ALJ rejected the extreme limitations described by Dr. Gilson as well, noting that they were completely inconsistent

with Mr. Lutterman's account of his extended visit to Florida with his family, with Mr. Lutterman's report of performing light household repairs and working in the yard, and with Mr. Lutterman's continuing to drive a motor vehicle. Tr. 28. These constitute adequate reasons for the weight the ALJ decided to give to these doctors' opinions. There is no error.

An order in conformity has this day entered.